Filed 11/19/24  P. v. Karas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083933 |
| v. | (Super.Ct.No. SWF027168) |
| MAGED LABIB KARAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Maged Labib Karas, in pro. per.; James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

At a hearing in June 2024, the trial court denied defendant and appellant Maged Labib Karas resentencing relief under Penal Code section 1172.75 after his attorney acknowledged defendant was ineligible because his five prior prison term enhancements

1

(Pen. Code,[1] § 667.5, subd. (b)) had been stricken on his appeal from his underlying conviction. (See *People v. Karas* (Mar. 16, 2011, E049583 [nonpub. opn.] (*Karas*).) Defendant appealed the denial of resentencing relief and, after reviewing the record and consulting with Appellate Defenders, Inc., appointed appellate counsel has filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). On being advised of his right to do so, defendant filed a supplemental brief. Under *Delgadillo*, when the defendant files a supplemental letter or brief, the Court of Appeal is required to issue a written opinion addressing it. (*Id.* at p. 232.) As we explain, defendant's bid for reversal of the trial court's denial of his requested relief is without merit. We therefore affirm the trial court's ruling.

## FACTUAL AND PROCEDURAL HISTORY

In August 2009, a jury convicted defendant of three offenses: failure to stop at the scene of an accident; causing bodily injury while driving intoxicated; and having a blood alcohol percentage of 0.08 or more. (Veh. Code, §§ 20001, subd. (a), 23153, subds. (a) & (b).) (*Karas*, *supra*, E049583.) The trial court sentenced defendant to a total indeterminate prison term of 36 years to life, consisting of a "Three Strikes" sentence of 25 years to life (Pen. Code, §§ 667.5, subds. (c) & (e)(2)(A), 1170, subd. (c)(2)(A)), plus an additional three years for personally causing great bodily injury (Pen. Code, §§ 1192.7, subd. (c)(8), 12022.7, subd. (a)), three one-year terms for bodily injury (Veh. Code, § 3558), and a five-year term for a serious felony prior. (Pen. Code, § 667, subd.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(a).)  The court entered a stay on five one-year prison prior enhancements.  (Pen. Code, § 667.5, subd. (b).)  The underlying facts in the case reflect that defendant was speeding while intoxicated and rear-ended another vehicle, injuring four people, including his passenger and his twin brother.  (*Karas*, *supra*, E049583.)

Defendant appealed his conviction.  This court rejected defendant's challenge to a jury instruction and upheld the trial court's denial of his motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike one or more of his three prior strike convictions.  (*Karas*, *supra*, E049583.)  Based on the parties' agreement that the trial court erred in staying the five one-year section 667.5, subdivision (b), priors rather than imposing or striking them, we ordered the court on remand to strike the priors.  (*Ibid*.)

Thirteen years passed and then, at the hearing below on whether defendant was entitled to resentencing under section 1172.75, the trial court concluded he was not eligible.  The court explained to defendant, who made a video appearance, that "[a]ll your eligible priors were already dismissed previously, so at this time there are no other . . . qualifying priors that you have" for resentencing under section 1172.75.  The court concluded, "So that is now a moot issue."

The court then heard, as the deputy public defender conveyed, defendant's request "that he be allowed to address the Court on a potential pro per matter."  In defendant's words, he was "just requesting . . . this honorable court to take extended power to invoke [Assembly Bill No.] 600 of legal (unintelligible) for recall and resentencing."  Defendant was referring to provisions of Assembly Bill No. 600 (2023-2024 Reg. Sess.) codified in "the new section 1172.1."  He requested that the court on its own motion recall his

sentence, accept "a packet" from his brother, who was present in the courtroom, and conduct a resentencing hearing. Defendant argued "[section] 1172.1(a)(1) . . . states that recall and resentencing . . . may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge who has jurisdiction over a case." The court denied the request.

At the close of the hearing, defendant's public defender summarized that under section 1172.1, "The court, Your Honor, does have discretion yourself to take the matter up," but acknowledged: "He can't request it directly from you, nor can I." The court responded, "I do [have that discretion], but I don't know anything about him." The court explained to defendant, "[S]ir, I wasn't your sentencing judge. I didn't hear the matter. So that's why I'm not taking it up on my own motion because I don't know anything about you or your case other than what I'm hearing today, which is very limited as it relates to your [section 1172.75 resentencing] eligibility that we've already now concluded."

**DISCUSSION**

When appellate counsel on an appeal from a postconviction order is unable to identify any arguable grounds for potential relief and, as here, files a no-issue brief, the appellate court need not conduct a further *Anders/Wende*[2] search for error. (*Delgadillo, supra*, 14 Cal.5th at pp. 227, 231; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 ["an arguable issue" requires "a reasonable potential for success" on appeal].) Defendant

---

[2] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436

4

filed his own supplemental brief as authorized in *Delgadillo*, and we turn to his contentions the trial court's order must be reversed.

Defendant contends the court erred in denying him resentencing relief under section 1172.75. The court did not err. The statute provides a conditional trigger for recall and resentencing, as follows: "*If* the court determines that the *current* judgment includes an enhancement described in subdivision (a)," namely, any section 667.5, subdivision (b), prison prior enhancement "imposed prior to January 1, 2020," provided it was not for a sexually violent offense, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c), italics added.) Defendant argues that because he was "originally sentenced to five one-year enhancements under section 667.5(b) for each of his five prior prison terms," he is entitled to resentencing under section 1172.75. He argues relief is available despite the fact that, as he summarizes, "the sentencing judge immediately stayed the one-year enhancements."

The stay is irrelevant here. The Legislature authorized recall and resentencing under 1172.75 when a defendant's "current judgment includes" a now-proscribed section 667.5, subdivision (b), prison prior sentence enhancement. (§ 1172.75, subd. (c).) As noted, this court ordered defendant's five one-year prison prior enhancements stricken. (*Karas*, *supra*, E049583.) With those enhancements removed, nothing in his "current judgment" would qualify defendant for recall of his sentence and resentencing under the statute.

Defendant points out that the trial court's abstract of judgment following remand in *Karas* continued to list an enhanced term of five years imposed for a single prison

5

prior enhancement. He concedes this was likely a clerical mistake because "[i]t has never been permissible to impose a five-year enhancement under [section] 667.5(b)." This too is irrelevant. By the time the trial court considered defendant for recall of his sentence and resentencing under section 1172.75, the abstract of judgment had been corrected to reflect that the five-year enhancement was imposed for his prior serious felony conviction (§ 667, subd. (a)), rather than under section 667.5, subdivision (b). There is also no question that this court ordered defendant's section 667.5, subdivision (b), priors stricken in his 2011 appeal. Because defendant's current judgment does not include a prison prior enhancement, the trial court did not err in concluding he did not qualify for recall and resentencing under the express terms of the statute. (§ 1172.75, subd. (c).)

Defendant's next argument is a lengthy attempt to address "[t]he general rule . . . that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*); see *People v. Cota* (2023) 97 Cal.App.5th 318, 332 [noting same "general rule"].) Thus, "a freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action." (*King*, at p. 640.)

Defendant relies on the fact his eligibility for relief under section 1172.75 was before the court on referral from the California Department of Corrections and Rehabilitation (CDCR), as provided for in section 1172.75, subdivisions (b), and (c). He sees this as justifying him, without running afoul of *King* and similar authority, to make his oral motion for the court to consider resentencing him under section 1172.1. In other

words, defendant leverages the CDCR referral to argue that, "[n]otwithstanding the fact that" he was "found not to qualify for resentencing under" section 1172.75, that finding "did not divest the court of jurisdiction to recall or resentence [him] under . . . section 1172.1, subd. (a)(1)." Section 1172.1, subdivision (a)(1), provides: "Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, *or any judge with jurisdiction in the case*." (Italics added.)

Section 1172.1 confers broad authority on the trial court to initiate recall and resentencing. A prior version of the statute, former section 1170, subdivision (d)(1), allowed a trial court, on its own motion, to recall a sentence within 120 days of commitment and resentence a defendant. (Stats. 2020, ch. 29, § 14, eff. Aug. 6, 2020.) Effective January 1, 2024, a few months before the hearing below in April 2024, Assembly Bill No. 600 amended section 1172.1, subdivision (a), to provide that a trial court may now, "on its own motion, within 120 days of the date of commitment *or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*" recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced. (Stats. 2023, ch. 446, § 2, italics added.)

Defendant concedes, as his attorney recognized below, that section 1172.1, subdivision (c), expressly provides that a defendant "is not entitled" to ask for resentencing relief "under this section." Indeed, the statute states: "If a defendant requests consideration for relief under this section, the court is not required to respond."

7

(*Ibid*.) Defendant nevertheless argues that this did not prevent the court from considering him for resentencing under the statute on its own motion.

None of this lengthy preamble aids defendant given that, as set forth in section 1172.1, subdivision (c), the trial court's decision is entirely discretionary. The statutory language reflects a clear intent to leave to the trial court the decision whether to initiate recall and resentencing on its own motion. Accordingly, the fact that the trial court *could* do so does not provide grounds for defendant to assert error. The court recognized it had that authority, but declined to exercise it. Any instruction from us on *how* to exercise such discretion would be superfluous at best and, worse, an impermissible intrusion into the trial court's broad discretion.

Moreover, the abuse of discretion standard is a high bar, requiring the appellant to show the court's decision fell outside the bounds of reason (*People v. Johnson* (2022) 12 Cal.5th 544, 605-606), and defendant does not meet that burden. His supplemental brief reflects only his belief that his Three Strikes, 36-year sentence constitutes disproportionate, cruel and unusual punishment, particularly given his age now (63). Such habeas-style claims are necessarily fact-intensive and thus, as the court explained, well outside the scope of "what I'm hearing today, which is very limited as it relates to your eligibility" under section 1172.75. Defendant did not and does not, suggest he had no other avenues to have his claim heard. The court did not abuse its discretion in declining to take up the matter on its own motion.

**DISPOSITION**

The trial court's order finding defendant ineligible for recall and resentencing under section 1172.75, and denying him other relief, is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.